

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# USA v. Alamo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Alamo" (2008). *2008 Decisions.* Paper 639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3688
_____

UNITED STATES OF AMERICA

v.

ALEXANDER ALAMO,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
03-cr-008121
(Honorable James Knoll Gardner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2008

Before: McKEE and GARTH, *Circuit Judges*,
and IRENAS, *Senior District Judge**

(Filed:August 20, 2008)

OPINION OF THE COURT

McKee, *Circuit Judge*.

_____

* The Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Alexander Alamo's attorney has filed a motion to withdraw as counsel, and submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We deny his motion because further action will be needed on behalf of Alamo. In accordance with the then mandatory nature of the Guidelines, the district court sentenced Alamo to 276 months of incarceration, followed by 10 years of supervised release. On direct appeal, we vacated his sentence and remanded to the district court in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). On remand, the District Court reimposed the same sentence.

Third Circuit Local Appellate Rule 109.2(a) provides: "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California* . . .". *See also*, *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

We agree that there are no nonfrivilous issues for appeal. However, after Alamo's counsel filed his *Anders* brief, the Supreme Court decided *Kimbrough v. United States*, 128 S. Ct. 558 (2007), wherein the Court clarified that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve § 3553(a)'s purposes . . . ." 128 S. Ct. at 575. In addition, the United States Sentencing Commission has since adopted Amendment 706 modifying the Guideline ranges applicable to crack

2

cocaine offenses. Amendment 706 decreases the base offense levels for crack cocaine offenses by two levels. *See* U.S.S.G. § 2D1.1.

18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Since the district court sentenced Alamo without the benefit of the Supreme Court's decision in *Kimbrough*, or the retroactive change in the Guidelines, we will dismiss the appeal without prejudice to Alamo's right to file an appropriate motion in the district court pursuant to 18 U.S.C. § 3582(c)(2). We take no position regarding the propriety of any sentence the district court may decide to impose.